# CIRCUIT COURT OF THE CITY OF NORFOLK

Kathleen Sciortino,
administratrix c.t.a.
of the estate of
James J. Sciortino,
deceased

v.

Frank Piccioni et al.

March 20, 2014

Case No. (Civil) CL11-7141

BY JUDGE CHARLES E. POSTON

This action is before the Court upon the Motions To Dismiss Counts III, VIII, and XI of the Complaint and Motions To Exclude Evidence by the Defendants, Frank J. Piccioni, D.O., Tidewater Family Medical Care, P.C., Michael E. Lee, M.D., Virginia Oncology Associates, P.C., Joseph P. Lang, M.D., and Emergency Physicians of Tidewater, P.L.C. Having considered the written submissions of the parties and the argument of counsel, the Court will deny the motions.

## Discussion

On January 18, 2011, Mrs. Sciortino was appointed administratrix c.t.a. of the estate of James J. Sciortino, and, on September 28, 2011, Mrs. Sciortino filed suit against the Defendants for the wrongful death of James Sciortino. In Counts III, VIII, and XI of the Complaint, the Plaintiff alleges that Tidewater Family Medical Care, Virginia Oncology Associates, and Emergency Physicians of Tidewater are liable under the theory of *respondeat superior* for the negligent actions of their respective physicians. In part, the counts allege that Mr. Sciortino "suffered extreme pain and suffering, pecuniary loss, and serious injury resulting in death." In November 2011, each Defendant answered the complaint. In July 2013, defendants, Dr. Frank Piccioni and Tidewater Family Medical Care, filed a Motion To Dismiss

Count III, arguing that because the count alleges the pain and suffering of Mr. Sciortino, the Plaintiff has alleged a survivorship claim, a claim for which she lacks standing. They also filed a Motion To Exclude all evidence of decedent's pain and suffering. Dr. Michael E. Lee and Virginia Oncology Associates joined in Dr. Piccioni and Tidewater Family Medical Care's motions and filed similar motions with respect to Count VIII in August 2013. In September 2013, Dr. Joseph P. Lang and Emergency Physicians of Tidewater filed the same motions against Count XI.

## A. *Motions To Dismiss Counts III, VIII, and XI for Lack of Standing*

The Defendants argue that, because Mrs. Sciortino alleges the pain and suffering of Mr. Sciortino, she has alleged a survivorship claim. They assert that, because she qualified for the purpose of bringing a wrongful death action under Virginia Code § 8.01-50, she lacks standing to bring a survivorship claim, and the counts should be dismissed with prejudice. "The point of standing is to ensure that the person who asserts a position has a substantial legal right to do so . . . ." *Livingston v. Virginia Dep't of Transp.*, 284 Va. 140, 154, 726 S.E.2d 264, 272 (2012).

In this case, none of the Defendants argue that Mrs. Sciortino has failed to state a wrongful death claim, but only that the inclusion of allegations of Mr. Sciortino's pain and suffering transforms her claim into a survivorship action. The Court disagrees. Nowhere in the Complaint does Mrs. Sciortino allege a survivorship claim. Instead, she titles her claim as a wrongful death action and alleges the necessary elements. While she does allege the pain and suffering of Mr. Sciortino, such allegations are admissible for the reasons set forth below. Therefore, the Defendants' Motions To Dismiss Counts III, VIII, and XI will be denied.

## B. *Motions To Exclude Evidence of Mr. Sciortino's Pain and Suffering*

The Defendants also argue that, since the Plaintiff cannot recover damages for the decedent's pain and suffering, any evidence thereof should be excluded. In support of their argument, the Defendants rely on the Virginia Supreme Court's holding in *Virginia Iron, Coal, & Coke Co. v. Odle's Adm'r*, 128 Va. 280, 105 S.E. 107 (1920). In that wrongful death action, the Court found erroneous an instruction to the jury that "they might, in fixing the amount of damages, take into consideration such further sum as they shall deem reasonable and just compensation for physical pain and mental anguish suffered by decedent." *Id.* at 308-09 (internal quotations omitted).

More specifically, the Defendants rely on a quotation from a Professor Graves, quoted with favor in *Virginia Iron*, which states: "the mental and physical anguish of the deceased would seem to be irrelevant as an element in the measure of damages of the beneficiaries . . . ." However, the remainder of that quotation directly following the word *beneficiaries*

reads: "*unless* as evidence to enable the jury to estimate the mental anguish of the beneficiaries, where the death of the [decedent], for example, occurs, not instantaneously, but after an interval of suffering and under harrowing circumstances." *Id.* at 309 (emphasis added). In fact, directly following the quotation, the Virginia Supreme Court, held, in part, that "[t]he mental anguish of the beneficiaries may have been increased by the neglect of the doctor, and the plaintiff had the right to show this fact and to recover damages therefor." *Id.* at 309-10. The *Virginia Iron* Court did not hold that the beneficiaries prohibited from bringing evidence of decedent's pain and suffering; only that it was erroneous to instruct the jury that the beneficiaries could recover damages from the decedent's pain and suffering. Rather than address this holding, Defendants simply argue that such evidence is unnecessary and prejudicial. The Court agrees that the Plaintiff cannot recover damages for Mr. Sciortino's pain and suffering, but it is well established that the beneficiaries can recover for *their* sorrow and mental anguish. Va. Code Ann. § 8.01-52 (2014). In fact, evidence of the decedent's pain and suffering may be necessary to show the beneficiaries' mental anguish. Therefore, the Defendants' Motions To Exclude Evidence will be denied.

## Conclusion

Because allegations of the decedent's pain and suffering do not automatically transform a wrongful death action into a survivorship action, the Defendants' motions to dismiss will be denied. Additionally, because beneficiaries can show evidence of their mental anguish through evidence of the decedent's pain and suffering, the Motions To Exclude Evidence thereof are also denied.